IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD E. CLARK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 11-479-SLR |
| | ) |
| STEVEN WESLEY, Warden, | ) |
| and ATTORNEY GENERAL OF | ) |
| THE STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM ORDER**

At Wilmington this 18th day of April, 2012, having reviewed the above captioned case pursuant to Rule 4, 28 U.S.C. foll. § 2254;

IT IS ORDERED that petitioner Richard E. Clark's ("petitioner") pro se application for habeas relief (D.I. 2) is **DISMISSED** as moot, for the reasons that follow:

**1. Background.** In February 2011, petitioner was sentenced for possession and use of cocaine to one year at Level V suspended for one year at Level II probation. (D.I. 2) In April 2011, the Superior Court determined that petitioner had violated his probation and sentenced to him four months at Level IV, effective as of March 31, 2011. *Id.*

2. Petitioner filed the instant application for habeas relief in May 2011, while he was in custody at the Plummer Community Corrections Center in Wilmington, Delaware. *Id.* Petitioner contends that he should have been sentenced to six months at Level III probation for his violation of probation, rather than four months at Level IV. He asks the court to order his immediate release to Level III for the remainder of his sentence. *Id.*

3. On July 12, 2011, petitioner notified the court that his address had changed; the new address appears to be a private residence. (D.I. 5) The court ordered petitioner to show cause in writing why his application seeking habeas relief in the form of immediate release should not be dismissed as moot. (D.I. 7)

4. To date, petitioner has not responded to the court's order. Rather, in February 2012, he filed another notice informing the court that he is residing at the same address listed in his July 2011 change of address notification. (D.I. 8)

5. **Standard of Review.** A district court judge may summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. According to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Lewis*, 494 U.S. at 477-78. "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A case becomes moot, thereby divesting a court of jurisdiction, if the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)(internal citations omitted). Even if a case was live at its inception, an actual controversy must exist during all stages of litigation to satisfy Article III's case or controversy requirement. *Kissinger*, 309 F.3d at

180.

6. When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas application, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement. Spencer, 523 U.S. at 8; see Steele v. Blackman, 236 F.3d 130, 134 n.4 (3d Cir. 2001). However, when a petitioner does not attack his conviction, the injury requirement is not presumed. Chong v. Dist. Dir., INS, 264 F.3d 378, 384 (3d Cir. 2001). "[O]nce a litigant is unconditionally released from criminal confinement, the litigant [can only satisfy the case-and-controversy requirement by] prov[ing] that he or she suffers a continuing injury from the collateral consequences attaching to the challenged act"[1] "that is likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7. Consequently, in the absence of continuing collateral consequences, a federal district court does not have jurisdiction to review moot habeas claims. North Carolina v. Rice, 404 U.S. 244, 246 (1971)("mootness is a jurisdictional question"); Chong, 264 F.3d at 383-84.

7. **Discussion.** In this case, petitioner explicitly states that he is only challenging the sentence imposed for his violation of probation rather than his underlying conviction. However, the information provided by petitioner indicates that the Delaware Department of Correction released him from the custody stemming from his violation of probation sometime in July 2011. Notably, petitioner has not alleged, and the court cannot discern, any continuing collateral consequences stemming from

---

[1] Kissinger, 309 F.3d at 181.

3